**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 25 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 18-CR-00634 |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| TRAVIS JOEL STOWE, | |
| Defendant. | |

**Parties**      **Appearances**

For United States

Phillip A. Selden
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6257

For Defendant

James Darrow
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-407-7419

**JACK B. WEINSTEIN, Senior United States District Judge:**

## Table of Contents

I. Introduction ..........................................................................................................................1

II. Instant Offense ...................................................................................................................1

III. Guilty Plea..........................................................................................................................2

IV. Sentencing Hearing ............................................................................................................2

V. Guidelines Range and Statutory Minimum........................................................................3

VI. Law.....................................................................................................................................3

VII. 18 U.S.C. § 3553(a) Considerations ..................................................................................4

VIII. Sentence .............................................................................................................................5

IX. Conclusion ..........................................................................................................................7

## I. Introduction

Travis Stowe ("Stowe" or "the defendant") pled guilty to two counts: importation of cocaine into the United States and possession with intent to distribute cocaine. He brought cocaine from Trinidad to New York in his backpack and suitcase.

When he committed the offense, the defendant was on his way to a successful career in medical billing and coding despite his personal challenges—he suffers from a serious medical condition and his mother has terminal cancer. Stowe has expressed remorse for his actions. The best way to address recidivism is to allow him to continue his education, uninterrupted. A lengthy term of supervised release, rather than a term of incarceration, is imposed.

## II. Instant Offense

On October 29, 2018, the defendant flew from Port of Spain in Trinidad and Tobago to John F. Kennedy International Airport ("JFK") in Queens, New York. Presentence Investigation Report ("PSR") ¶ 5. While at JFK, he was selected for a luggage inspection because he was visibly nervous. *Id.*; Letter from P. Selden 1, Mar. 22, 2019, ECF No. 21. During the inspection,

the Customs and Border Protection officer noted that Stowe's backpack was "unusually heavy." PSR ¶ 5. The officer found cocaine in the backpack and under a false bottom in the suitcase. *Id.* The gross weight of the cocaine was 4,228.6 grams. *Id.* ¶ 6. The government estimates that the defendant imported at least 3.5 kilograms of cocaine. *Id.*

Stowe was cooperative upon arrest and told the authorities the amount of money he was to be paid for the importation, who he was to meet at the airport, and his point of contact in Trinidad. *Id.* ¶ 7. He admitted that he knew he was smuggling cocaine, but stated that it was his first time doing so and that he intended to use the money he received to pay for his terminally ill mother's expenses. *Id.*

### III. Guilty Plea

On December 12, 2018, the defendant pled guilty to Counts 1 and 2 of a two-count indictment: importing 500 grams or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B)(ii), and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II). *Id.* ¶¶ 1–2.

### IV. Sentencing Hearing

A sentencing hearing was held on March 25, 2019. *See* Sent. Hr'g Tr., Mar. 25, 2019. Stowe's brother and friend attended the hearing in support of the defendant.

The proceedings were recorded on video to develop an accurate record of body language and courtroom atmosphere. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264 (E.D.N.Y. 2004) ("A[n appellate court's] *de novo* review would be factually deficient without a video record of the district court's sentencing hearing.").

## V. Guidelines Range and Statutory Minimum

The base offense level is 28. U.S.S.G. § 2D1.1(a)(5). Deductions from the offense level include two points for satisfying the factors required to receive a waiver of the statutory minimum sentence of incarceration (called a "safety-valve" reduction), U.S.S.G. § 2D1.1(b)(18); PSR ¶ 14; four points for the defendant's minimal participation in the offense, U.S.S.G § 3B1.2(a); and three points for acceptance of responsibility and notification in a timely matter that he intended to enter a plea deal, *id.* § 3E1.1(a); *id.* § 3E1.1(b). *See* PSR ¶¶ 13–21. The total offense level is 19. *See id.* ¶ 22.

The defendant has never been arrested. *Id.* ¶ 23. He has a criminal history category of I. *Id.* ¶ 26. The statutory minimum for the defendant's offenses is five years. 21 U.S.C. § 960(b)(2)(B)(ii); *id.* § 841(b)(1)(B)(ii)(II). However, since the defendant has met the criteria for a "safety-valve" reduction, this court is not constrained by the statutory minimum. 18 U.S.C. § 3553(f).

## VI. Law

The United States Sentencing Guidelines (the "Guidelines") are advisory rather than mandatory. *See United States v. Booker*, 543 U.S. 220, 245 (2005). While a sentencing court is required to consider the Guidelines range, it may "tailor the sentence in light of other statutory concerns." *Id.*; *see* 18 U.S.C. § 3553(a). If a district court judge determines that justifications are so compelling, he or she may impose a sentence outside the range of the Guidelines. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). When the requirements for the "safety-valve" are met, the minimum term of incarceration does not apply. 18 U.S.C. § 3553(f).

The district court must "consider all of the § 3553(a) factors to determine whether they support the sentence requested," after giving each party the opportunity to argue for what they

3

believe is a reasonable sentence. *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *see* 18 U.S.C. § 3553(a)(1) ("[t]he court shall consider—[*inter alia*—]the nature and circumstances of the offense and the history and characteristics of the defendant"). "A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." *Cavera*, 550 F.3d at 189. Using judicial discretion, the court will "make an individualized assessment based on the facts presented," *Gall*, 552 U.S. at 50, and "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c).

## VII. 18 U.S.C. § 3553(a) Considerations

Stowe is a 31-year-old Brooklyn resident. PSR ¶¶ 31, 38. He was born in Brooklyn, but moved to Trinidad shortly thereafter and grew up there. *Id.* ¶ 35. Raised by his mother and father in a stable, middle-income household, his parents separated when he was in his early teens. *Id.* After the separation, the defendant was raised primarily by his mother, though he has maintained a good relationship with both parents. *Id.* ¶¶ 31–32, 35. Stowe has two siblings with whom he also has good relationships. *Id.* ¶ 33. Only his brother, who resides in Brooklyn, is aware of the defendant's conviction; he remains supportive. *Id.* ¶¶ 31–33. Stowe has not informed his parents of the conviction because he does not want them to worry. *Id.* His parents suffer from chronic medical conditions: his father has high blood pressure and diabetes and his mother has terminal cancer. *Id.* ¶¶ 31–32, 38.

The defendant is not married and does not have children. *Id.* ¶ 36. He is a survivor of sexual assault and attempted sexual assault, both perpetrated by people whom he knew. *Id.* ¶¶ 36–37. At the age of 17, Stowe was sexually assaulted by a former romantic partner with whom he had ended the relationship. *Id.* ¶ 36. In 2017, a friend attempted to sexually assault

4

him. *Id.* ¶ 37. Though he has suffered from depression and anxiety from the time of the sexual assault at age 17, he did not seek medical help until 2017. *Id.* ¶ 42. Since formal diagnosis of these conditions, he participates in weekly counseling sessions with a therapist and takes medication. *Id.* Stowe also suffers from a serious physical condition.

In spite of these acts of violence, Stowe has remained focused on his family and his education. In 2010, the defendant moved back to the United States, where he worked in retail before attending a program to become a certified nurse assistant. *Id.* ¶¶ 38, 46. He completed this program in 2012. *Id.* ¶ 46. Soon after, his mother was diagnosed with cancer and Stowe returned to Trinidad to care for her. *Id.* ¶¶ 38, 46. When his mother was more medically stable, he returned to New York and again worked in retail before beginning a full-time medical billing and coding program in which he is currently enrolled. *Id.* ¶ 44. He is an honor roll student in his program and will complete it in June 2019. *Id.*

## VIII. Sentence

The requirements for waiver of the minimum statutory sentence are met. Stowe is sentenced to time served (one day) and four years of supervised release.

It is crucial that he continues his studies and improves his employment prospects. It will be challenging for him to find employment with a felony conviction even absent further education. *See* Christopher Stafford, *Finding Work: How to Approach the Intersection of Prisoner Reentry, Employment, and Recidivism*, 13 Geo. J. on Poverty L. & Pol'y 261, 265–75 (2006) (discussing the collateral consequences of a criminal conviction and incarceration on potential employment). And steady employment will address concerns that the defendant might reoffend. *See* Christopher Uggen, *Work as a Turning Point in the Life Course of Criminals: A Duration Model of Age, Employment, and Recidivism*, 65 Am. Soc. Rev. 529, 542 (2000)

("Work appears to be a turning point in the life course of criminal offenders over 26 years old. Offenders who are provided even marginal employment opportunities are less likely to reoffend than those not provided such opportunities."); Dallan F. Flake, *When Any Sentence is a Life Sentence: Employment Discrimination Against Ex-Offenders*, 93 Wash. U. L. Rev. 45, 63 (2015) ("[S]tudies have consistently found that ex-offenders are less likely to recidivate if they are employed."); *see generally* Stephen Tripodi et. al, *Is Employment Associated with Reduced Recidivism?: The Complex Relationship Between Employment and Crime*, 54 Int'l J. Offender Therapy & Comp. Criminology 706, 715 (2010) (finding that employment may lengthen the period of time from one incarceration to the next for those that are reincarcerated because employment prolongs the period of motivation to remain crime-free). Since employment is a rehabilitative necessity, the court must consider the detrimental effects of interrupting, even potentially terminating, the defendant's progress toward securing employment. Stowe's period of supervision, unlike a term of incarceration, will help ensure his rehabilitation is not interrupted.

The court considered specific deterrence. Until the instant conviction, the defendant had never been in trouble with law enforcement, and he is committed to being a productive citizen going forward. He desires to work in the healthcare field, where he can help others. He has taken on student loan debt and is supported by public assistance to achieve this goal. It is apparent the defendant is deeply apologetic for his actions. He emphasized at the sentencing hearing that he intended to use the money earned from this offense to help his family; he will be in a better position to provide for his family by continuing his education and working toward his employment goal.

The court also considered the challenges the defendant would face in prison. As a seriously ill inmate with a prior history of sexual assault, the defendant could face traumatic conditions that would rewind his progress toward a stable life.

No fines are being imposed because the defendant has insufficient funds. There is a special assessment of $100 for each of the two counts. No forfeiture is required.

## IX. Conclusion

All relevant issues have been considered, with special attention given to the considerations listed under 18 U.S.C. § 3553(a) to ensure a "sufficient, but not greater than necessary" sentence.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: April 15, 2019
Brooklyn, New York

7